## BERTHA A. BAKER *vs.* HARRY G. BAKER.

1. DIVORCE—CUSTODY OF CHILDREN—POWER OF COURT.

Under Act March 15, 1909 (24 *Del. Laws, c.* 214), authorizing the Superior Court, when a decree for annulment of marriage or for divorce or a separation is entered by it, to make such order for the distribution, care, and maintenance of children born during the continuance of the marriage as is just and reasonable, the court is authorized in its decree to provide for the custody of minor children, and the decree should so provide.

2. DIVORCE—OPERATION AND EFFECT OF DECREE—SUPPORT OF CHILDREN.

Where, in divorce suits, the question of maintenance was not adjudicated, considered, or raised, and the court, in awarding the care and maintenance of minor children to the wife, used the word "maintenance" merely in conformity to Act March 15, 1909 (24 *Del. Laws, c.* 214), authorizing the court to make such order for the distribution, care, and maintenance of the children as is just and reasonable, without any thought of adjudicating the question of maintenance, the husband's liability for the support of his children was not affected by the decree.

(*November* 26, 1913.)

Judges BOYCE and RICE sitting.

*James W. Lattomus* for plaintiff.

(The defendant was unrepresented.)

Superior Court, New Castle County, November Term, 1913.

ACTION OF DIVORCE (No. 50, November Term, 1913).
Decree *nisi* containing order for the care and custody of minor
child. The statute making distribution of minor children con-
sidered.

RICE, J., delivering the opinion of the court:

Bertha A. Baker, the plaintiff in this case, filed a petition for
divorce from her husband, Harry G. Baker, the defendant. The
petition contained a prayer for the "care and custody of Lealand
L. Baker, a minor child born during the continuance of the
marriage."

Upon the hearing of the case, at the present term, the court
granted a decree *nisi* to the plaintiff, and directed that the decree
contain an order awarding to Bertha A. Baker, the plaintiff, the
care and custody of the minor child according to the prayer of
the petition.

Counsel for the plaintiff presented, and the court subsequently
signed, a decree containing the following order:

"It is further ordered and decreed that the plaintiff Bertha
A. Baker be given the *sole care* and *custody* of the minor child
Lealand L. Baker, born during the continuance of the marriage
of the plaintiff and the defendant in this action."

Attention is directed to the use of the word "custody" in
the decree in place of the word "maintenance" heretofore uni-
formly used in such decrees.

[1, 2] When the act of April 11, 1907 (24 *Del. Laws*, c.
221), entitled "An act regulating annulment of marriage and
divorce," was passed, it did not contain a provision concerning the
care and custody of minor children resulting from the marriage.
However the next Legislature passed a supplemental act, which
was approved March 15, 1909, and is as follows:

"That the Superior Court within any of the counties of this
state is hereby authorized and empowered in its discretion in any
cause of annulment of marriage or divorce now pending or here-
after brought before said court, and in which a decree nisi for
annulment of marriage or for divorce from the bonds of matri-
mony or a decree for a separation is entered by said court to make

such order for the distribution, care and maintenance of the children born during the continuance of the marriage sought to be affected by such proceeding, as is just and reasonable and said court may from time to time revise and change such order as occasion may require." 25 *Del. Laws*, *c*. 214.

After the passage of this supplemental act, the court, in making decrees awarding the custody of minor children, followed the wording of the statute, and now for the first time we have changed this recognized practice and have inserted the word "custody" in lieu of the word "maintenance". We are of the opinion that it clearly is the intent of the statute to give the court authority to make decrees containing provision for the care and custody of minor children.

In view of the language employed by the court in decrees heretofore made, and of that employed in the present decree, we think it proper to say that in no case has the question of maintenance been adjudicated, considered or raised, and the liability of the husband, therefore, for the support of his children would not be in any wise affected by anything contained in any former decree. The court simply used the language of the statute, including the word "maintenance", but without any thought in any case of adjudicating that fact.

We direct that divorce decrees containing an order for the care and custody of children hereafter follow the language employed in the present case.